Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HÉCTOR A. LÓPEZ PÉREZ<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Recurrido | TA2026CE00305 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Municipal de Carolina<br><br>Caso núm.:<br><br>Sobre: Ley 22-2000, según enmendada, conocida como Ley de Vehículos y Tránsito de Puerto Rico |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de marzo de 2026.

Comparece ante este tribunal apelativo, por derecho propio, el Sr. Héctor López Pérez (señor López Pérez o peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Municipal de Carolina (TPI), el 28 de enero de 2026, notificada el día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* el *Recurso de Revisión de Multa Administrativa de Tránsito* incoado por el peticionario, por haberlo presentado, pasado el término establecido en ley para apelar el mismo.

Por los fundamentos que expondremos a continuación, desestimamos el auto de *certiorari* solicitado.

**I.**

El 12 de enero de 2026, el señor López Pérez presentó ante el TPI un *Recurso de Revisión de Multa Administrativa de Tránsito*. Mediante este, el peticionario apeló un boleto expedido el 21 de enero de 2024 por la Policía Municipal del pueblo de Carolina. Adujo

que nunca recibió el boleto de infracción, ni ha visitado dicho municipio en mucho tiempo. Además, expresó que advino en conocimiento de la multa el 14 de mayo de 2025, mientras utilizaba la aplicación del CESCO Digital del Departamento de Transportación y Obras Públicas.

Por su parte, en su recurso, el peticionario arguyó que la multa se registró en el sistema el 7 de febrero de 2025, pasado un (1) año de su expedición, el 21 de enero de 2024.

El 28 de enero de 2026, el TPI emitió la *Resolución* recurrida en la que declaró *No Ha Lugar* el *Recurso de Revisión de Multa Administrativa de Tránsito* instado por el señor López Pérez. Dicho dictamen, se notificó al siguiente día, **29 de enero**. Mediante este, el foro primario razonó que carecía de jurisdicción al haber transcurrido el término de treinta (30) días dispuesto en ley para revisar el mismo, contado a partir de su expedición. Véase, Ley núm. 22-2000, según enmendada, conocida como la *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5001, *et seq.* (Ley núm. 22-2000).

Inconforme con dicha determinación, **el 11 de marzo de 2026**, el peticionario acudió ante este foro intermedio imputándole al foro *a quo*, en lo concerniente, haber incidido en desestimar el recurso sin eliminar la referida multa.

Examinado el recurso y su fecha de presentación; así como la *Resolución* impugnada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

***Certiorari* en la Ley núm. 22-2000**

El recurso ante nuestra consideración está regulado por una ley especial, la Ley núm. 22-2000, *supra*. La misma establece un proceso de revisión de multas de tránsito ante el Tribunal de Primera Instancia. Ahora bien, nada establece el antedicho estatuto con relación al proceso apelativo para impugnar la determinación del foro primario, respecto a estas multas. Sin embargo, el Artículo 4.006, inciso (b) de la *Ley de la Judicatura*, 4 LPRA 24y, dispone que el Tribunal de Apelaciones entenderá "[m]ediante auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia".

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No figura como un permiso para actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por consiguiente, para determinar si procede la expedición de este recurso debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 63.

Ahora bien, en cuanto al término para presentar un recurso de *certiorari* ante el Tribunal de Apelaciones, este está gobernado por lo dispuesto en la Regla 32 de nuestro Reglamento, *supra*, pág. 49.

La referida regla establece el término de treinta (30) días de cumplimiento estricto.

**Jurisdicción, cuestión de umbral**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Greene y otros v. Biase y otros,* 2025 TSPR 83, 216 DPR ___ (2025); *Mun. Río Grande v. Adq. Finca et al.,* 2025 TSPR 36, 215 DPR ___ (2025); *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García v. Hormigonera Mayagüezana,* 172 DPR (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma tardía.

Un recurso tardío, al igual que uno prematuro, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000).

Por su parte, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 116-117, 215 DPR ___, (2025), sobre desistimiento y desestimación, dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (…)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III.

En esencia, el peticionario adujo que erró el foro primario al denegar su petición en la que solicitó la eliminación de la multa bajo el razonamiento de que se presentó fuera del término establecido en ley.

Ahora bien, analizado el recurso ante nuestra consideración nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado.

Según surge del escrito apelativo y del trámite procesal, la *Resolución* recurrida se notificó el **29 de enero de 2026**. En la boleta de notificación se evidencia que la notificación fue cursada al peticionario a través de la dirección de correo electrónico GLORIVI70@GMAIL.COM. Este correo electrónico es el mismo que el peticionario incluye en el recurso ante nuestra consideración.

Sin embargo, no es hasta el **11 de marzo de 2026** que se presentó el recurso de *certiorari* recurriendo la determinación del 29 de enero. Ello, transcurridos cuarenta y un (41) días desde que se notificó la misma.

Así las cosas, nos vemos impedidos de ejercer nuestra función revisora por falta de jurisdicción ante su presentación tardía. Señalamos que, al haberse presentado el recurso fuera del plazo de cumplimiento estricto, sin que mediare justa causa para tal dilación, lo único que procede en derecho es desestimarlo. Sobre este aspecto, destacamos que un término de cumplimiento estricto no se puede prorrogar automáticamente.

Al respecto, advertimos que, en el escrito de epígrafe, el peticionario no alegó justa causa para la demora en la presentación del recurso ante este foro apelativo. El hecho de estar en evaluaciones médicas, fuera de Puerto Rico, no constituye de por sí causa justificada para la tardanza, máxime cuando la *Resolución* recurrida fue notificada por la Secretaría del TPI correctamente al correo electrónico informado por el peticionario. Además, se hace menester destacar que, tres (3) días antes de partir para dichos análisis, se había instado el recurso de revisión de la multa por lo que era indispensable estar pendiente a los mensajes para responder en tiempo a cualquier dictamen del foro recurrido incluyendo el trámite ante esta *Curia.*

Enfatizamos que es responsabilidad de esta parte demostrar justa causa, **mediante explicaciones concretas y particulares, que excusara su falta de observancia con dicho requisito reglamentario y nos permitiera prorrogar el plazo**. De hecho, en *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013), nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, ***incluso antes de que un tribunal se lo requiera***, si no se observa un término de cumplimiento estricto". (Énfasis en el original

y nuestro).[1] *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).

Relacionado con lo anterior, subrayamos que es responsabilidad de la parte que acuda ante este foro intermedio el perfeccionar su recurso, según lo exige la ley y las disposiciones de nuestro Reglamento. *Morán v. Martí*, 165 DPR 356, 366-367 (2005). Esto aplica igualmente a aquellos litigantes que comparecen ante este foro apelativo, por derecho propio, pues ha quedado claramente establecido que la comparecencia por derecho propio no justifica que un litigante incumpla con nuestro Reglamento y con las reglas procesales aplicables. *Febles v. Romar*, 159 DPR 714, 722 (2003).

En consecuencia, conforme al derecho precedente, resulta forzoso colegir que nos encontramos ante un recurso tardío sobre el que no tenemos jurisdicción. Por tanto, carecemos de autoridad para atender los méritos del mismo. De esta manera, **nuestro deber es así declararlo y sin más, proceder a desestimar.**

### IV.

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[1] *Soto Pino v. Uno Radio Group*, supra, a la pág. 97.